IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EBONY EDWARDS, )
    Plaintiff, )
)
vs. )
)
CITY OF CHICAGO, )
a municipal corportation, )
OFFICER SHERRI ODUNSI, Star # 5855, )
City of Chicago Police Officer, )
in her individual capacity, )
OFFICER FRED COFFEY, Star # 13580, )
City of Chicago Police Officer, )
in his individual capacity, )
OFFICER KEVIN CONNORS, Star #11541, )
City of Chicago Police Officer, )
in his individual capacity, )
)
    Defendants. )

## COMPLAINT

### Jurisdiction/Venue

1. This incident occurred on December 21, 2006, in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367 (a).

### Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal

corporation, and the principal employer of Defendants Odunsi, Coffey and Connors, who were acting under color of law and in the course and scope of their employment with the City of Chicago as police officers.

Facts

5. On or about December 21, 2006, the Plaintiff was in the vicinity of 7957 S. Ellis, Chicago, Illinois.

6. Then and there, Defendants Odunsi, Coffey and Connors stopped, seized, searched and arrested the Plaintiff.

7. Plaintiff alleges while she was on the ground handcuffed with both arms behind her back, Officer Odunsi kicked and broke Plaintiff's right arm.

8. In the alternative, according to Chicago Police Department reports submitted by Chicago Police Department Officers and/or sworn testimony by Chicago Police Department Officers, Officers Coffey and/or Connors broke the Plaintiff's arm, thus using excessive force.

9. Defendants Odunsi, Coffey and/or Connors did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

10. During the incident, Defendants Odunsi, Coffey and Connors failed to intervene and prevent the use of excessive force on Plaintiff.

11. As the proximate result of all the aforementioned actions by Defendants Odunsi, Coffey and Connors, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

**COUNT I – 42 U.S.C. § 1983 Excessive Force**

(Plaintiff v Defendant Odunsi)

12. Plaintiff re-alleges all prior allegations.

13. The actions of Defendant Odunsi in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in her person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

14. As the proximate result of all of the aforementioned actions by Defendant Odunsi, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant Odunsi and because she acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT II – 42 U.S.C. § 1983 Excessive Force
(Plaintiff v Defendant Coffey and/or Connors)

15. Plaintiff re-alleges all prior allegations.

16. In the alternative, according to Chicago Police Department reports submitted by Chicago Police Department Officers and/or sworn testimony by Chicago Police Department Officers, the actions of Defendants Coffey and/or Connors in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth

Amendment, to be secure in her person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

17. As the proximate result of all of the aforementioned actions by Defendants Coffey and/or Connors, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Coffey and/or Connors and because each acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

## COUNT III – 42 U.S.C. §1983 Failure to Intervene

(Plaintiff v. Defendants Odunsi, Coffey and Connors)

18. The Plaintiff re-alleges what has been previously alleged in this complaint.

19. The actions or inaction of Defendants Odunsi, Coffey and Connors in failing to intervene and protect Plaintiff from excessive, unreasonable and unjustifiable force despite the duty and opportunity to do so violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and thus violated 42 U.S.C. § 1983 and were the direct and proximate cause of Plaintiff's injuries described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Odunsi, Coffey and Connors because each acted maliciously, wantonly, or oppressively, substantial punitive damages, plus costs of this action, plus attorney's fees and such other additional relief as this Court deems equitable and just.

## COUNT IV – Indemnification

(Plaintiff v. City of Chicago)

20. Plaintiff re-alleges what has been previously alleged in this Complaint.

21. Defendant City of Chicago is the indemnifying entity for the actions described above, of Defendants Odunsi, Coffey and Connors who took their actions while acting under the color of law and in the course and scope of his employment with the City of Chicago as police officers.

WHEREFORE, should Defendants Odunsi, Coffey and Connors be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Chicago be found liable for any judgment (other than punitive damages) she obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: ___/s/ Brian J. Barrido___

Brian J. Barrido
One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido, LLC
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)
brian.barrido@civilrightsdefenders.com

ARDC No. 6274524